JOHN OLSEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1460.   Promulgated December 21, 1926.

*Tom M. Mehaffy, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1919 in the amount of $5,854.66. The issue involved relates to the gain derived in the year 1919 from the sale of certain lands, buildings and equipment of the petitioner. At the hearing of this proceeding counsel for the Commissioner amended his answer and averred that the deficiency for the year in question should be increased by computing the gain on the sale of the property on the basis of a purchase price of $100,000 instead of $50,000.

### FINDINGS OF FACT.

The petitioner is a resident of the State of Arkansas, with residence at 214 West 13th Street, Little Rock. In 1894 he purchased, in Saline County, Arkansas, a tract of land for the purpose of mining and manufacturing fuller's earth. Between 1894 and March 1, 1913, the following improvements and equipment were placed on the land and had on March 1, 1913, the following fair market price or value: Six small laborers' houses of the total value of $6,000; 1 large house of the value of $2,000; a mill house which was two stories high and 120 feet long, built of heavy material and having a concrete foundation, of the value of $5,000; the mill house was equipped with modern machinery, consisting of engines, boilers, blowers, pulverizers, crushing wheels, and all necessary equipment for the mining and manufacture of fuller's earth, which had a total value of $20,000; numerous wooden shacks of the total value of $1,000.

From the date of the erection of improvements and installation of the machinery and equipment, until March 1, 1913, and subsequent thereto to the date of sale, the same were maintained in good repair and necessary replacements were made. All the buildings, machinery and equipment, with the exception of one shaft, which was sold

in 1919, were on the property on March 1, 1913. Petitioner in 1919 sold his land, together with all improvements thereon, for $100,000, receiving $50,000 in cash and the remainder of the purchase price was represented by promissory notes maturing in subsequent years. The property sold in 1919 was held as collateral security for the payment of the $50,000 in notes. The notes, at the date of their receipt by petitioner, were worth their face value and partial payment, together with interest, was made on the notes subsequent to the year 1919. Default occurred in the payments of the notes in the year subsequent to 1919, and in 1922 foreclosure was had and the property sold in 1919 was bought in by the petitioner for the remaining payments due on the notes.

There were included in the sale made by the petitioner in 1919 approximately 530 acres of land, of which 70 acres had been purchased subsequent to March 1, 1913, and the cost of the 70 acres can not be determined from the record.

Petitioner purchased approximately 460 acres of land in Saline County, Arkansas, in 1894, for $3,848.00. Eight shafts had been sunk on the property prior to March 1, 1913, of the dimensions of 5 by 7 feet, and between 100 to 150 feet deep, and were in daily use. The land was well timbered on March 1, 1913, and was of considerable value. The 460 acres of land purchased prior to March 1, 1913, which the petitioner sold in 1919, together with the shafts, timber and fuller's earth, had a fair market price or value on March 1, 1913, of $42,500.

Petitioner maintained no books of account indicating the cost of improvements placed on the property. He was 89 years of age at the date of the hearing and during the last year has suffered a stroke of paralysis.

The buildings, machinery and equipment, having a fair market price or value on March 1, 1913, of $34,000, sustained depreciation at a composite rate of 5 per cent for the period March 1, 1913, to the year 1919.

OPINION.

MILLIKEN: The issue in this proceeding relates to a determination of the March 1, 1913, value of the property of the petitioner which he sold in the year 1919. The deficiency determined by the Commissioner did not take into account necessary and obvious factors, but this omission can not be charged to the Commissioner or his counsel, for the reason that until the hearing the facts concerning the transaction were not in their possession. The deficiency in tax was computed on the theory that petitioner sold his land, machinery

and equipment in 1919 for $100,000, receiving $50,000 in cash and $50,000 in notes—the notes were considered of no value at the date of their receipt and accordingly were eliminated from the gain or loss computation.

We have found that the notes were worth their face value in the year of their receipt, and accordingly $100,000 should be used as a starting point in computing the gain or loss. Against the $50,000 in cash that the petitioner received, the Commissioner applied the cost to the petitioner of the land which he had purchased in 1894, or $3,848, and determined a gain of $46,152. No value was allowed for machinery, buildings and equipment placed on the land prior to March 1, 1913, which were sold in 1919, nor was a determination made of the March 1, 1913, value of the land to which attached timber and mineral rights.

The petitioner is 89 years of age and in the last year has suffered a stroke of paralysis which almost destroyed his memory, and his counsel at the hearing was forced to dismiss him as a witness and to abandon efforts to obtain detailed information from him. The petitioner is of the school that carry the facts of their business under their hats—maintaining no books of account in which were recorded the cost of improvements placed on the property. There was no other person who could testify as to the exact cost of the improvements placed on the property prior to March 1, 1913, and the testimony introduced was by persons who had known the property on March 1, 1913, and had a basis for determining its fair market price or value. There can be no dispute—and counsel for the Commissioner so admitted at the hearing—that the improvements set forth in the findings of fact were on the property at March 1, 1913, and were sold in 1919. The difficulty arises in determining the fair market price or value of the same on March 1, 1913. We have the testimony of numerous witnesses who had known the property for years prior and subsequent to March 1, 1913, and from a careful consideration of all the testimony we determine the fair market price or value of the property of petitioner to have been $76,500 on March 1, 1913, and this value should be used in computing the gain or loss resulting from the sale of the property of the petitioner for $100,000 in 1919, with the factor of depreciation at the composite rate of 5 per centum on machinery, buildings and equipment of the value of $34,000 from March 1, 1913, to the year of sale.

*Judgment will be entered on 15 days' notice, under Rule 50.*